UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL JONES,<br><br>          Appellant,<br><br>     v.<br><br>NIKKI B. FARRIS,<br><br>          Appellee. | No. 2:24-cv-03412-DC<br><br>ORDER DISMISSING THIS ACTION DUE TO APPELLANT'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

      On March 6, 2025, the court issued an order directing Appellant to show cause "why this bankruptcy Appeal should not be dismissed due to his failure to comply with the court's orders and failure to prosecute." (Doc. No. 5.) Appellant's deadline to respond to that order has now passed, and Appellant has not filed a response or a request for an extension of time in which to do so.

      In light of Appellant's failure to timely respond to the order to show cause and his failure to comply with the court's January 6, 2025 order directing Appellant to file "a Designation of Record, Statement of Issues on Appeal and a Notice regarding the ordering of transcripts with the bankruptcy court," as required (Doc. No. 4), it appears that Appellant no longer wishes to prosecute this bankruptcy appeal but rather has abandoned the litigation.

      In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

1    manage its docket; (3) the risk of prejudice to the [appellee]; (4) the public policy favoring

2    disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*,

3    291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.

4    1998).

5        In addition, the Local Rules of this court provide that the failure of a party to comply with

6    any order of the court "may be grounds for imposition by the Court of any and all sanctions

7    authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A

8    party's failure to comply with applicable rules and law may be grounds for dismissal or any other

9    sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54

10   (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

11   1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

12   complaint), *as amended* (May 22, 1992).

13       Here, the public interest in expeditious resolution of litigation, the court's need to manage

14   its docket, and the risk of prejudice to Appellee all support the imposition of the sanction of

15   dismissal here. Only the public policy favoring disposition on the merits counsels against

16   dismissal. However, Appellant's failure to prosecute this action makes disposition on the merits

17   an impossibility. Finally, with respect to availability of less drastic sanctions, the court has

18   considered alternative measures. The issuance of yet another order to show cause would be futile

19   under the circumstances presented.

20       Accordingly, this action will be dismissed due to Appellant's failure to prosecute and

21   failure to comply with the court's orders.

22       For the reasons set forth above,

23       1.    This action is DISMISSED, without prejudice, due to Appellant's failure to

24             respond to the March 6, 2025 order to show cause (Doc. No. 5), failure to

25             prosecute this action, and failure to comply with the court's orders; and

26   /////

27   /////

28   /////

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 3, 2025**__

                                              Dena Coggins
                                              United States District Judge